UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| OPERATIVE PLASTERERS AND CEMENT MASONS INTERNATIONAL ASSOCIATION, LOCAL 528,<br><br>                               Plaintiff,<br><br>        v.<br><br>KELAYE CONCRETE, LLC,<br><br>                               Defendant. | NO. 2:16-cv-728<br><br>**COMPLAINT FOR MONIES DUE AND FOR INJUNCTIVE RELIEF** |

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter under Section 301 of the Labor Management Relations Act (hereafter "the Act"), as amended, 29 U.S.C. § 185.

2. Venue is appropriate in this Court under 28 U.S.C. §§ 1391 and 1392.

3. The acts herein described affect interstate commerce.

**PARTIES**

4. Plaintiff Operative Plasterers and Cement Masons International Association, Local 528 ("Union") is a labor organization engaged in an industry affecting commerce, within the meaning of the Labor Management Relations Act, 29 U.S.C. §§ 142(1) and 152(5). The

COMPLAINT
No. 2:16-cv-728 - 1

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

Union represents employees in this judicial district. The Union is the collective bargaining representative of certain of Defendant Kelaye Concrete LLC's ("Kelaye") employees. Eric Coffelt is the duly-elected Business Manager of the Union.

5. Defendant Kelaye is an employer in an industry affecting commerce, within the meaning of the Labor Management Relations Act, 29 U.S.C. §§ 142(1) and 152(2). Kelaye does business in this judicial district and division. Rebekah Williams is the owner and legal agent of Kelaye.

## CLAIM FOR RELIEF

6. Plaintiff incorporates by reference as though set forth fully herein paragraphs 1 through 5 above.

7. The Union and Kelaye have been, at all times relevant to this matter, parties to and bound by a collective bargaining agreement, governing the wages, hours and other terms and conditions of employment of certain employees of Kelaye. Kelaye has bound itself to the 2015-2018 Agreement between the Associated General Contractors of Washington and the Union ("Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A, and is fully incorporated herein by this reference.

8. Article 4 of the Agreement governs the manner in which disputes arising under the Agreement will be resolved. That Article outlines the four-step grievance procedure.

9. Step One of the grievance procedure involves a referral of the dispute to the authorized representatives of the Union and the employer with whom there is a dispute. A failure to reach agreement on the matter at Step One of the grievance procedure requires that the dispute be moved to Step Two.

COMPLAINT
No. 2:16-cv-728 - 2

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

10. Step Two of the grievance procedure requires the dispute be referred to a Board of Conciliation. Should the Board fail to reach agreement, the dispute is moved to Step Three.

11. Step Three of the grievance procedure states that the dispute may be referred to mediation. Mediation may be waived by either party. If mediation is waived or the parties do not reach agreement, the dispute shall be moved to Step Four.

12. Step Four requires final and binding arbitration of the dispute in the event that the parties are unable to reach agreement.

13. On March 15, 2016, the Union filed a grievance against Kelaye regarding Kelaye's failure to comply with the hiring hall and union security provisions of the Agreement.

14. On March 31, April 5, April 7, April 11, and April 14, the parties discussed the matter but were unable to come to an agreement.

15. On April 18, Coffelt emailed Rebekah Williams, Kelaye's owner, and moved the grievance to Step 2.

16. After receiving no reply from Williams, on April 25, Coffelt moved the grievance to Step 4 as allowed by the Agreement.

17. On April 27, Coffelt sent Williams a list of arbitrators with one name struck from the list.

18. After again receiving no response from Kelaye, on May 2, Coffelt informed Williams that Local 528 would file suit if Kelaye did not cooperate with the grievance process by May 9. Kelaye has not responded to Coffelt's May 2 communication.

19. Kelaye's failure and refusal to submit the parties' dispute to final and binding arbitration violates the Agreement and is without legal justification.

WHEREFORE, Plaintiff requests the following relief in its favor:

COMPLAINT
No. 2:16-cv-728 - 3

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

1  (a) That the Court order Kelaye to comply with the Agreement and proceed to arbitration the above-noted grievance.

2  (b) That Plaintiff be awarded reasonable costs of suit and attorneys' fees; and

3  (c) For such other and further relief as the Court deems just and proper.

DATED this 20th day of May, 2016.

> s/Daniel Hutzenbiler
> Daniel Hutzenbiler, WSBA No. 36938
> Robblee, Detwiler & Black, PLLP
> 2101 Fourth Avenue, Suite 1000
> Seattle, Washington 98121
> Phone: (206) 467-6700
> Email: dhutzenbiler@unionattorneysnw.com
>
> Attorney for Plaintiff

COMPLAINT
No. 2:16-cv-728 - 4

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile