THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OPERATIVE PLASTERERS AND CEMENT MASONS INTERNATIONAL ASSOCIATION, LOCAL 528,<br><br>Plaintiff,<br><br>v.<br><br>KELAYE CONCRETE, LLC,<br><br>Defendant. | CASE NO. C16-0728-JCC<br><br>ORDER ON PLAINTIFF'S MOTION TO FIND DEFENDANT IN CONTEMPT AND IMPOSE SANCTIONS |

This matter comes before the Court on Plaintiff Operative Plasterers and Cement Masons International Association, Local 528's motion to find Defendant Kelaye Concrete in contempt and to impose sanctions (Dkt. No. 17). Having thoroughly considered Plaintiff's briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

On September 7, 2016, the Court granted Plaintiff's motion for default judgment. (Dkt. Nos. 13 and 14.) The Court ordered Defendant to submit to arbitration and pay Plaintiff $1,713.00 in attorney fees and costs. (Dkt. No. 14 at 2.) Plaintiff has provided the Court with numerous documents detailing its efforts to enforce the default judgment, all of which went unanswered by Defendant. (*See* Dkt. Nos. 17-1, 17-2, 17-3, and 17-4.) Plaintiff now asks the Court to find Defendant in contempt for failure to comply with the default judgment order and to

1  impose sanctions in the form of attorney fees and costs for bringing this motion and a $2,000 per
2  diem fine. (Dkt. No. 17 at 3–5.) Defendant did not respond to the motion and the Court construes
3  this as an admission that the motion has merit. *See* W.D. Wash. Local Civ. R. 7(b)(2)

4        "Civil contempt . . . consists of a party's disobedience to a specific and definite court
5  order by failure to take all reasonable steps within the party's power to comply." *In re Dual-*
6  *Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The party
7  alleging contempt must show by clear and convincing evidence that the alleged contemnor
8  violated the court's order. *Id.* Here, Defendant has not responded to any of Plaintiff's mailings or
9  calls and did not respond to this motion. Therefore, the Court finds that Plaintiff has shown by
10 clear and convincing evidence that Defendant violated the Court's default judgment order. The
11 Court GRANTS Plaintiff's motion to find Defendant in contempt.

12       Civil sanctions are intended to coerce a defendant into compliance with a court order and
13 compensate the complainant for losses sustained because of the contumacious behavior. *See*
14 *United States v. Asay*, 614 F.2 655, 660 (9th Cir. 1980). Civil sanctions are appropriate when the
15 "the contemnor is able to purge the contempt and obtain his release by committing an affirmative
16 act, and thus carries the keys of his prison in his own pocket." *Int'l Union, United Mine Workers*
17 *of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (internal citations and quotations omitted). The
18 Court concludes that civil sanctions would be inappropriate because, under these facts, sanctions
19 would not be coercive. Therefore, the Court DENIES Plaintiff's motion for sanctions.

20       In sum, the Court GRANTS Plaintiff's motion to find Defendant in contempt and
21 DENIES Plaintiff's motion to impose sanctions (Dkt. No. 17).

22     //
23     //
24     //
25     //
26     //

ORDER ON PLAINTIFF'S MOTION TO FIND
DEFENDANT IN CONTEMPT AND IMPOSE
SANCTIONS
PAGE - 2

1 | DATED this 23rd day of January 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE